UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VERNON RAPP, JR.                                      CIVIL ACTION

VERSUS                                                NO. 21-425

THE KANSAS CITY SOUTHERN                              SECTION M (2)
RAILWAY COMPANY

## ORDER & REASONS

Before the Court is a motion for summary judgment filed by defendant The Kansas City Southern Railway Company ("KCSR") in which it argues that plaintiff's injuries were caused by his own fault and failure to use common sense.[1] Plaintiff Vernon Rapp, Jr. responds in opposition,[2] and KCSR replies in further support of its motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court denies the motion.

Rapp, an employee of KCSR, brought this case under the Federal Employers Liability Act ("FELA"), 45 U.S.C. § 51, which "provides the exclusive remedy for a railroad employee engaged in interstate commerce whose injury resulted from the negligence of the railroad." *Gray v. Ala. Great S. R.R. Co.*, 960 F.3d 212, 215 (5th Cir. 2020) (citing *Rivera v. Union Pac. R.R. Co.*, 378 F.3d 502, 507 (5th Cir. 2004)). "The FELA allows an injured railroad employee to recover damages for 'injury or death resulting in whole or in part from the negligence' of the railroad." *Id.* (quoting 45 U.S.C. § 51). "'Under FELA the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought.'" *CSX Transp., Inc. v. McBride*, 564

---

[1] R. Doc. 10.
[2] R. Doc. 17.
[3] R. Doc. 21.

U.S. 685, 692 (2011) (quoting and reaffirming standard of causation set out in *Rogers v. Mo. Pac. R.R. Co.*, 352 U.S. 500, 506 (1957)) (alteration omitted).  Here, summary judgment is inappropriate because there are disputed issues of material fact that bear upon whether KCSR's negligence caused, in whole or in part, Rapp's injuries, particularly, whether the end-of-train device ("EOT") had a means of securing the hose, whether KCSR knew or should have known of the alleged defective condition, the lighting conditions at the time of the accident and whether poor lighting conditions contributed to the accident, and whether Rapp was the sole cause of his own accident and injuries, including whether he was carrying the EOT in an unsafe manner.

 Accordingly, for the foregoing reasons,

 IT IS ORDERED that KCSR's motion for summary judgment (R. Doc. 10) is DENIED.

 New Orleans, Louisiana, this 10th day of March, 2022.

              _____
              BARRY W. ASHE
              UNITED STATES DISTRICT JUDGE